GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN
A Professional Corporation
72 Eagle Rock Avenue
P.O. Box 438
East Hanover, NJ 07936
Telephone: 973-509-7500
Attorneys for Plaintiffs, Mark V. Sussino and Vivianne Sussino
Our File No. 990.23458/TDF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK V. SUSSINO and VIVIANNE SUSSINO,<br><br>PLAINTIFFS,<br><br>vs.<br><br>NEW JERSEY DIVISION OF STATE POLICE, TROOPER MICHAEL KENYON, TROOPER KEVIN HOGAN and JOHN DOES 1-10,<br><br>DEFENDANTS. | Civil Action No.:<br>2:09-cv-06278-SRC-MAS<br><br>FIRST AMENDED COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is a civil rights action against the Defendants for monetary relief. It seeks to redress the deprivation under color of law of the rights, privileges and immunities secured by the United States Constitution and the amendments thereto, the laws of the United States, specifically 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the laws of the State of New Jersey.

2. Plaintiffs also assert claims pursuant to the common law of the State of New Jersey.

## JURISDICTION

3.   This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331 and 1343.  It has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

4.   On May 20, 2008, Plaintiff, Mark V. Sussino, filed a Notice of Tort Claim with the New Jersey Division of State Police, pursuant to N.J.S.A. 59:8-1 et seq.

5.   On November 19, 2008, an Order was entered by the Honorable Deanne M. Wilson, J.S.C., deeming that the Plaintiff's May 20, 2008 Notice of Tort Claim was timely filed. Attachment A, attached to this amended complaint, is a true copy of the November 19, 2008 Order.

## PARTIES

6.   Plaintiff, Mark V. Sussino, is, and at all times relevant hereto has been, a resident of the State of New Jersey in Parsippany, New Jersey.

7.   Plaintiff, Vivianne Sussino, is, and at all times relevant hereto has been, a resident of the State of New Jersey in Parsippany, New Jersey.  Vivianne Sussino is, and at all times relevant hereto has been, the wife of Mark V. Sussino.

8.   Defendant, Trooper Michael Kenyon, who is sued in his individual and official capacities, is now, and was at all relevant times, a Trooper of the New Jersey Division of State Police.

9. Defendant, Trooper Kevin Hogan, who is sued in his individual and official capacities, is now, and was at all relevant times, a Trooper of the New Jersey Division of State Police.

10. Upon information and belief, Defendant, New Jersey Division of State Police, is an entity organized and existing under the laws of the State of New Jersey.

11. John Does 1-5 are officers, agents, employees and/or officials of the New Jersey Division of State Police whose identities are not currently known who deprived Plaintiff, under color of law, of his rights, privileges and immunities secured by the United States Constitution and the amendments thereto, the laws of the United States, specifically 42 U.S.C. § 1983, the Constitution of the State of New Jersey and the laws of the State of New Jersey.

12. John Does 6-10 are officers, agents, employees and/or officials of the New Jersey Division of State Police who were involved in the common law claims asserted in this complaint.

## FACTS

13. On December 13, 2007, Plaintiff, Mark V. Sussino, in his capacity as a tow truck operator, was summoned by the New Jersey Division of State Police to the site of a disabled vehicle on Interstate Route 80 East, near mile post 46.1.

14. Plaintiff's employee, John Bizarro, was the first to arrive at the site of the disabled vehicle.

15. Plaintiff arrived at the scene of the disabled vehicle in his truck and pulled his vehicle in front of the disabled vehicle.

16. Shortly thereafter, Defendant Kenyon arrived at the scene and began to yell at Mr. Bizarro.

17. Mr. Sussino exited his truck and approached Defendant Kenyon.

18. Defendant Kenyon then struck Mr. Sussino without provocation, pushing Mr. Sussino's shoulder twice.

19. Mr. Sussino then returned to his truck and closed the door.

20. Defendant Kenyon followed Mr. Sussino to his vehicle, opened the vehicle's door, and demanded that Mr. Sussino produce his license, registration and insurance documents.

21. When Mr. Sussino refused to provide the requested documentation, Defendant Kenyon closed in on Mr. Sussino and pushed him again.

22. Defendant Hogan, who arrived on the scene shortly after Defendant Kenyon, approached Mr. Sussino's vehicle and assisted Defendant Kenyon in effectuating the arrest of Mr. Sussino.

23. Mr. Bizarro and Mr. Sussino warned Defendant Kenyon and Defendant Hogan that Mr. Sussino had a previous injury to his left hand.

24. Disregarding the warnings, Defendant Kenyon and/or Defendant Hogan proceeded to grab Mr. Sussino's left hand by the thumb and twisted his arm around his back.

25. Defendant Kenyon and/or Defendant Hogan then handcuffed Mr. Sussino behind his back until Mr. Sussino's hand turned white.

26. As a result of Defendant Kenyon's and/or Defendant Hogan's actions, Mr. Sussino suffered severe and permanent injury to his left hand, which has rendered his left hand virtually useless.

### FIRST CAUSE OF ACTION

**Civil Rights Claims under 42 U.S.C. § 1983**
**(Against Defendants Trooper Michael Kenyon and Trooper Kevin Hogan)**

27. Plaintiff incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 26.

28. The actions of the Defendants as detailed above, undertaken under color of state law, deprived Mr. Sussino of his right to liberty, without due process of law, in violation of the Fifth Amendment of the United States Constitution and 42 U.S.C. § 1983.

29. The actions of the Defendants as detailed above, undertaken under color of state law, deprived Mr. Sussino of his right to be secure in his person against unreasonable seizures, in violation of the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

30. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered, and in the future will suffer severe and permanent injury to his left hand, mental anguish, emotional distress and great pain and suffering.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant Kenyon and Defendant Hogan, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

## SECOND CAUSE OF ACTION

### Civil Rights Claims under N.J.S.A. § 10:6-2
(Against Defendants Trooper Michael Kenyon and Trooper Kevin Hogan)

31. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 30 if same are fully set forth herein at length.

32. The actions of the Defendants as detailed above violated Mr. Sussino's rights under Article 1, Paragraphs 1 and 7 of the New Jersey Constitution and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

33. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered, and in the future will suffer severe and permanent injury to his left hand, mental anguish, emotional distress and great pain and suffering.

6

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant Kenyon and Defendant Hogan, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

### THIRD CAUSE OF ACTION

### Assault & Battery
### (Against Defendants Trooper Michael Kenyon and Trooper Kevin Hogan)

34. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 33 if same are fully set forth herein at length.

35. While acting in his official capacity, Defendant Kenyon's actions as detailed above, amounted to harmful and offensive contact of the Plaintiff without Plaintiff's consent, by pushing him, closing in on him, grabbing and twisting his left hand and arm, and handcuffing his arms behind his back.

36. While acting in his official capacity, Defendant Hogan's actions as detailed above, amounted to harmful and offensive contact of the Plaintiff without Plaintiff's consent, by assisting Defendant Kenyon in removing Plaintiff from his vehicle and applying handcuffs to the Plaintiff.

37. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered, and in the future will suffer severe and permanent injury to his left hand, mental anguish, emotional distress and great pain and suffering.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant Kenyon and Defendant Hogan, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

### FOURTH CAUSE OF ACTION

### Negligence
### (Against Defendants Trooper Michael Kenyon and Trooper Kevin Hogan)

38. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 37 if same are fully set forth herein at length.

39. While acting in their official capacities, the actions of Defendants Kenyon and Hogan, as detailed above, negligently caused injury to Plaintiff, Sussino.

40. Defendants Kenyon and Hogan had a duty to exercise care in the arrest of Mr. Sussino to insure that he was not subjected to unnecessary injury.

8

41. Defendants breached their duty of care and negligently caused injury to Mr. Sussino.

42. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered, and in the future will suffer severe and permanent injury to his left hand, mental anguish, emotional distress and great pain and suffering.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant Kenyon and Defendant Hogan, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

### FIFTH CAUSE OF ACTION

**Respondeat Superior**
**(Against Defendant New Jersey Division of State Police)**

43. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 42 if same are fully set forth herein at length.

44. At all relevant times during the circumstances described in this complaint, Defendant Kenyon and Defendant Hogan were acting within the scope of their official duties as employees of the New Jersey Division of State Police.

9

45. The New Jersey Division of State Police should, therefore, be held liable for the common law claims against Defendant Kenyon and Defendant Hogan and pay appropriate damages to Mr. Sussino.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant New Jersey Division of State Police for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Attorneys fees and costs of suit; and

D. Such further relief that the Court deems equitable and just.

### SIXTH CAUSE OF ACTION

Negligent Training and Supervision
(Against Defendant New Jersey Division of State Police)

46. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 45 if same are fully set forth herein at length.

47. On or before December 13, 2007, the New Jersey Division of State Police was under a duty to properly train, supervise, investigate and correct improper actions of its troopers.

48. The New Jersey Division of State Police negligently breached its duty to properly train, supervise, investigate and correct the improper actions of its employee troopers.

49. As a result of the New Jersey Division of State Police's negligence, the Plaintiff suffered, and in the future will suffer

severe and permanent injury to his left hand, mental anguish, emotional distress and great pain and suffering.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant New Jersey Division of State Police for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Attorneys fees and costs of suit; and

D. Such further relief that the Court deems equitable and just.

### SEVENTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress
(Against Defendants Trooper Michael Kenyon and Trooper Kevin Hogan)

50. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 49 if same are fully set forth herein at length.

51. Defendant Kenyon and Defendant Hogan assaulted and battered Mr. Sussino intentionally and acted with intentional and reckless disregard for his rights.

52. As a result of the intentional and/or reckless acts of Defendant Kenyon and Defendant Hogan, Mr. Sussino suffered, and continues to suffer, severe emotional distress.

53. Mr. Sussino is therefore entitled to monetary damages to compensate him for his emotional injury.

54. Mr. Sussino is further entitled to an award of punitive damages as a result of Defendant Kenyon's willful and malicious and/or reckless misconduct toward him.

**WHEREFORE**, Plaintiff, Mark V. Sussino, seeks judgment against Defendant Kenyon and Defendant Hogan, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

### EIGHTH CAUSE OF ACTION

Per Quod Claim
(Against Defendants Trooper Michael Kenyon, Trooper Kevin Hogan and New Jersey Division of State Police)

55. Plaintiff repeats and realleges each and every allegation stated in paragraphs 1 through 54 if same are fully set forth herein at length.

56. At all times relevant to the instant Complaint, Vivianne Sussino was the wife of Plaintiff, Mark V. Sussino, and as such, was entitled to the services, society and consortium of Mr. Sussino.

57. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff, Vivianne Sussino, was

deprived of her husband's services, society and consortium due to his injuries.

58. Also as a direct and proximate result of the acts and omissions of Defendants, Plaintiff, Vivianne Sussino, has been caused to incur expenses for the care and treatment of Mr. Sussino.

**WHEREFORE**, Plaintiff, Vivianne Sussino, seeks judgment against Defendant Kenyon, Defendant Hogan and Defendant New Jersey Division of State Police, jointly, severally or in the alternative, for:

A. Compensatory damages;

B. Pre-judgment interest and post-judgment interest;

C. Punitive damages;

D. Attorneys fees and costs of suit; and

E. Such further relief that the Court deems equitable and just.

### DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby demand a trial by jury pursuant to F.R.C.P. 38 on all issues so triable herein.

Dated: 10/29/2010

Respectfully submitted,

_____
PAUL SAMOUILIDIS
Garrity, Graham, Murphy, Garofalo & Flinn, P.C.
72 Eagle Rock Avenue, PO Box 438
East Hanover, NJ 07936
**Attorneys for Plaintiffs, Mark V. Sussino and Vivianne Sussino**

13